IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael W. Green, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-3805-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Mastodon Ventures, Inc. and Robert Hersch, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Robert Hersch's ("Hersch") motion to dismiss the Plaintiff's claims against him. After review, the court denies the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2007, the Plaintiff filed the instant action against the Defendants asserting various claims arising from an alleged agreement between the Defendants Hersch and Mastodon Ventures, Inc. ("Mastodon") and the Plaintiff entered into around October 15, 2004. (Compl. ¶ 7.) The Plaintiff has alleged the following causes of action against the Defendants: (1) breach of contract, (2) specific performance, and (3) violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). In addition, the Plaintiff has asserted a cause of action for an accounting against Mastodon.

Hersch filed the instant motion to dismiss on February 11, 2008, alleging that the claims against him must be dismissed because he is not a party to the agreement and the Plaintiff has not alleged that Hersch failed to comply with his obligations under the guaranty provision of the agreement. On February 28, 2008, the Plaintiff filed a response asserting that "the Complaint

1

alleges wrongful non-corporate actions by Hersch" and "Hersch actively participated in, authorized or directed Mastodon's wrongful actions."  (Pl.'s Mem. Opp'n Mot. Dismiss 1-2.)

## II. DISCUSSION OF THE LAW

### A. Rule 12(b)(6)

In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  Furthermore, the court must treat the factual allegations of the nonmoving party as true.  See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### B. Motion to Dismiss

Hersch alleges that the claims against him must be dismissed because he is not a party to the agreement at issue and he has not been sued for any violation of his guaranty set forth in the agreement.  According to the complaint, Hersch "is the controlling shareholder in" Mastodon.  (Compl. ¶ 3.)  The complaint alleges that Hersch personally pursued and solicited the Plaintiff's investment in Mastodon and in other entities.  (Id. ¶¶ 3, 6.)  In addition, the complaint states that Hersch pressured the plaintiff to invest in other companies, "in some of which [Mastodon] principals or executives had ownership interests, in order to support Hersch's and/or [Mastodon's] business interests."  (Id. ¶ 13.)

Further, the complaint alleges that Hersch "made material misrepresentations to" the Plaintiff.  (Id. ¶ 29.)  The Plaintiff alleges that

>in reliance on the truth of Hersch's representations, on or about October 15, 2004, [the Plaintiff] and Hersch entered into an agreement which provided in part that [the Plaintiff] would purchase from [Mastodon] a twenty percent (20%) interest . . . in Net Pre-Tax Revenues from the date of the Agreement until all of the issued and outstanding shares of capital stock of [Mastodon] are sold to an independent third party.

(Id. ¶ 7 (internal quotation marks omitted).)  According to the complaint, under the agreement, Mastodon was required to "pay the Distribution Amount to [the Plaintiff] within ten (10) days after the end of each twelve month period . . . accompanied by a report from [Mastodon] as to the basis of the calculation of same."  (Compl. ¶ 8.)  Upon the sale of Mastodon's shares of capital stock, the Plaintiff was to receive twenty percent of the net sale proceeds.  (Id. ¶ 8.)  The Plaintiff allegedly paid Mastodon $400,000 and undertook his consulting duties as required by the agreement.  (Id. ¶¶ 11-12.)

Hersch allegedly informed the Plaintiff in late 2005 that the agreement to pay twenty percent in revenues was "unwise" and declared the investment a loan, which Hersch "caused [Mastodon] to pay [the Plaintiff]."  (Id. ¶ 16.)  The Plaintiff alleges all of the above actions constitute a breach of the agreement and that the Plaintiff has been injured in several respects including that he has not been paid as required by the agreement.  Further, the Plaintiff claims that Hersch's actions constitute a violation of SCUPTA.

"Nothing in the law shields [corporate officers or directors] from direct liability in tort for [their] own actions."  BPS, Inc. v. Worthy, 608 S.E.2d 155, 160 (S.C. Ct. App. 2005).  "An officer, director, or controlling person in a corporation is not, merely as a result of his or her status as such, personally liable for the torts of the corporation.  To incur liability, the officer, director, or controlling person must ordinarily be shown to have in some way participated in or

directed the tortious act." Rowe v. Hyatt, 468 S.E.2d 649, 650 (S.C. 1996). Further, "in private actions under the UTPA, directors and officers are not liable for the corporation's unfair trade practices unless they personally commit, participate in, direct, or authorize the commission of a violation of the UTPA." Plowman v. Bagnal, 450 S.E.2d 36, 38 (S.C. 1994). According to the allegations of the complaint, Hersch is a controlling shareholder in Mastodon and engaged in wrongful non-corporate actions and participated in Mastodon's wrongful actions. Based on the foregoing, the court finds that the complaint states causes of action against Hersch for breach of contract, specific performance, and violation of SCUPTA.

It is therefore

**ORDERED** that Hersch's motion to dismiss, docket no. 12, is denied.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
March 12, 2008