IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael W. Green, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-3805-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Mastodon Ventures, Inc. and | ) | |
| Robert Hersch, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a motion for partial judgment on the pleadings by Defendants Mastodon Ventures, Inc. ("MVI") and Robert Hersch ("Hersch"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Also before the court is a motion for leave to amend the complaint by Plaintiff Michael W. Green ("Green"), pursuant to Rule 15(a). Upon due consideration, and for the reasons set forth herein, the Defendants' motion for partial judgment on the pleadings is granted in part and Green's motion for leave to amend the complaint is granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2007, Green commenced this civil action against MVI and Hersch alleging the following causes of action against the Defendants: (1) breach of contract, (2) specific performance, and (3) violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). In addition, he asserted a cause of action for an accounting against Mastodon. It is alleged that on or about October 15, 2004, Green entered into a business consultancy and investment agreement with MVI and its majority shareholder, Hersch. Through their agreement,

1

Green was to provide a certain amount of investment capital to, and render consultancy services on behalf of, MVI in exchange for a percentage of MVI's net pre-tax revenues. It is further alleged that in late 2005, Hersch unilaterally breached the agreement by terminating Green's right to MVI's revenue.

On March 19, 2008, Green filed a first amended complaint in the matter adding claims for tortious interference with contractual relations and breach of fiduciary duty. MVI and Hersch each answered the complaint on April 1, 2008. The motion for partial judgment on the pleadings was filed by the Defendants on July 1, 2008. Green's motion for leave to amend was filed on August 11, 2008. Responsive briefs have been filed in connection with each outstanding motion, and the matters are ripe for decision.

## II. Discussion of the Law

### A. Standard of Review

"The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Tollison v. B & J Mach. Co., 812 F. Supp. 618, 619 (D.S.C. 1993). As with a motion to dismiss pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, the court accepts as true the well-pleaded allegations of the complaint, and construes the facts and reasonable inferences derived therefrom in the light more favorable to the nonmoving party. See Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citation omitted). Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of

facts that would entitle [claimant] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The court will treat factual allegations of the nonmoving party as true. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### B. Defendants' Motion for Partial Judgment on the Pleadings

The Defendants move to dismiss Green's claims for breach of fiduciary duty, tortious interference with contractual relations, violation of South Carolina Unfair Trade Practices Act, request for an accounting, and demand for specific performance. The court has given due consideration to each of the Defendants' arguments for dismissal. However, given the early stage of litigation and the standard of review requiring that the court accept Green's allegations as true, the tortious interference claim is the only claim subject to dismissal.

The parties dispute whether South Carolina or Texas law applies to this claim. However, under the laws of both states, only the conduct of a third party can sustain an action for tortious interference with contractual relations. In re Vesta Ins. Group, Inc., 192 S.W.3d 759, 761 (Tex. 2006); Schoellkopf v. Pledger, 778 S.W.2d 897, 903 (Tex. App. 1989); Chitwood v. McMillan, 1 S.E.2d 162, 163 (S.C. 1939); Love v. Gamble, 448 S.E.2d 876, 882 (S.C. Ct. App. 1994); Threlkeld v. Christoph, 312 S.E.2d 14, 15-16 (S.C. Ct. App. 1984); Todd v. S.C. Farm Bureau Mut. Ins. Co., 321 S.E.2d 602, 607 (S.C. Ct. App. 1984).

Green alleges in the amended complaint that "Hersch is an officer, director and/or the controlling shareholder in MVI." (Am. Compl. ¶ 3.) It is further alleged that "Hersch individually participated in, authorized or directed the wrongful conduct" stated in the amended complaint (Id.) However, nowhere is it alleged that Hersch discontinued his business relationship with MVI, or that he ever ceased acting as an employee or agent of MVI, and then

3

engaged in conduct that interfered with Green's contractual relations with MVI. Such allegations are necessary to the maintenance of the action against Hersch for tortious interference.

Accordingly, the action for tortious interference with contractual relations must be dismissed at this time without prejudice. To the extent that the Defendants have moved for partial judgment on the remaining causes of action, the motion is denied.

### C. Motion for Leave to Amend

Green has requested leave to amend his complaint to more explicitly plead the causes of action in the complaint and allege a cause of action for wrongful termination. (Pl.'s Mot. Amend Compl. 1.)  Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

As a general proposition, a district judge may deny leave to amend only in certain exceptional circumstances. These circumstances commonly arise when permitting the amendment would cause undue delay, the request to amend is made in bad faith or from a dilatory intent, there have been repeated failures to cure deficiencies in the pleading by amendments previously allowed, permitting the amendment would cause undue prejudice to the opposing party, or permitting the amendment would simply prove futile. See, e.g., Forman v. Davis, 371 U.S. 178, 182 (1962). After review, the court finds that the proposed amendments

are not futile and the Defendants will not suffer undue prejudice if the motion for leave to amend is granted. Therefore, the court grants Green's motion to amend the amended complaint.

It is therefore

**ORDERED** that the Defendants' motion for partial judgment on the pleadings, docket number 48, is granted in part. The sixth cause of action, regarding tortious interference with contractual relations, is dismissed without prejudice. It is further

**ORDERED** that Green's motion for leave to amend, docket number 56, is granted.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
September 8, 2008